# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ALBA REYES GARCIA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTRY FRESH CAROLINA, LLC, <br><br> Defendant. | CIVIL NO. 18-1512 (JAG) |

## MEMORANDUM AND ORDER

GARCIA GREGORY, D.J.

Pending before the Court is Defendant Country Fresh Carolina, LLC's ("Defendant") Motion to Dismiss for lack of personal jurisdiction and for failure to state a claim upon which relief can be granted, Docket No. 35; Plaintiffs' Opposition, Docket No. 36; and Defendant's Reply, Docket No. 43. After reviewing the Parties' positions and the applicable case law, the Court hereby **GRANTS** Defendant's Motion to Dismiss for lack of personal jurisdiction.[1]

## ANALYSIS

A defendant may move to dismiss an action for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). Once personal jurisdiction is challenged, "the plaintiff has the ultimate burden of showing by a preponderance of the evidence that jurisdiction exists." *Adams v. Adams*, 601 F.3d 1, 4 (1st Cir. 2010) (citation omitted). When adjudicating a 12(b)(2) motion without holding an evidentiary hearing, courts apply the *prima facie* standard:

> To satisfy the prima facie standard in a specific jurisdiction case, a plaintiff may not rest on mere allegations but, rather, must submit

---

[1] Because the Court holds there is no personal jurisdiction over Defendant, it need not reach the 12(b)(6) argument.

> competent evidence showing sufficient dispute-related contacts between the defendant and the forum. The court, in turn, must view this evidence, together with any evidence proffered by the defendant, in the light most favorable to the plaintiff and draw all reasonable inferences therefrom in the plaintiff's favor. A court need not, however, credit bald allegations or unsupported conclusions.

*Carreras v. PMG Collins, LLC*, 660 F.3d 549, 552 (1st Cir. 2011) (citations omitted); *see Boit v. Gar-Tec Prod., Inc.*, 967 F.2d 671, 675 (1st Cir. 1992) (noting that, under the *prima facie* standard, courts shall "consider only whether the plaintiff has proffered evidence that, if credited, is enough to support findings of all facts essential to personal jurisdiction.").

Personal jurisdiction comes in two varieties: general and specific. *Donatelli v. Nat'l Hockey League*, 893 F.2d 459, 462-63 (1st Cir. 1990). Plaintiffs do not argue—and there is no basis to find— that the Court has general jurisdiction over Defendant. *See* Docket No. 36 at 6 n.4. Thus, the Court turns to the question of specific jurisdiction.

"A federal court may assert specific jurisdiction over a defendant only if doing so comports with both the forum's long-arm statute and the Due Process Clause of the United States Constitution." *Carreras*, 660 F.3d at 552 (citation omitted). In this case, "the two modes of analysis merge into one because the reach of Puerto Rico's long-arm statute is coextensive with the reach of the Due Process Clause." *Id.* (citing *Negron-Torres v. Verizon Commc'ns, Inc.*, 478 F.3d 19, 24 (1st Cir. 2007)). Puerto Rico's long-arm statute grants jurisdiction over an out-of-state defendant if the defendant (i) "[t]ransacted business in Puerto Rico personally or through an agent;" or (ii) "participated in tortuous acts within Puerto Rico personally or through his agent." *Negron-Torres*, 478 F.3d at 24 (citations omitted). Due process, in turn, requires that (i) the out-of-state defendant have sufficient "minimum contacts" with the forum such that (ii) the exercise of jurisdiction "does not offend the traditional notions of fair play and substantial justice." *Int'l Shoe*

Civil No. 18-1512 (JAG)                                                                                                   3

*Co. v. Washington*, 326 U.S. 310, 316 (1945) (quotation marks and citations omitted). Thus, "[t]he assertion of personal jurisdiction satisfies due process if the defendant purposely avails itself of the privilege of conducting activities within the forum state, such that the defendant should reasonably anticipate being haled into court there." *Marcinkowska v. IMG Worldwide, Inc.*, 342 F. App'x 632, 635 (Fed. Cir. 2009) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)).

The First Circuit has established a three-part test for specific jurisdiction:

> First, the court must ask whether the asserted causes of action arise from or relate to the defendant's contacts with the forum. Second, the court must consider whether the defendant purposefully availed itself of the protections of the forum's laws by means of those contacts, such that the defendant could reasonably foresee being haled into the forum's courts. Third, the court must consider whether an exercise of jurisdiction is consistent with principles of justice and fair play.

*Carreras*, 660 F.3d at 554 (citations omitted). These are commonly referred to as the relatedness, purposeful availment, and reasonableness prongs. *Negron-Torres*, 478 F.3d at 24. Specific jurisdiction requires establishing all three prongs, such that failure to meet one would warrant dismissal. *Id.*

Here, Plaintiffs have failed to meet the purposeful availment requirement.[2] "This prong is only satisfied when the defendant purposefully and voluntarily directs [its] activities toward the forum so that [it] should expect, by virtue of the benefit [it] receives, to be subject to the court's jurisdiction based on these contacts." *Adams*, 601 F.3d at 6 (citation omitted). Thus, a plaintiff

---

[2] The Court need not address the remaining prongs in light of our holding that Plaintiffs have not shown purposeful availment. However, the Court questions whether Plaintiffs have established the relatedness prong, considering that most of Plaintiffs' claims arise out of conduct that occurred in South Carolina.

must establish both voluntariness and foreseeability to "ensure[] that personal jurisdiction is not premised solely on defendants' random, isolated or fortuitous contacts with the forum state." *PREP Tours, Inc. v. Am. Youth Soccer Org.*, 913 F.3d 11, 32 (1st Cir. 2019) (citation omitted). Voluntariness requires a showing that the defendant's contacts with the forum state were (i) "deliberate," (ii) "not based on the unilateral actions of another party," and (iii) "proximately result from actions by the defendant *himself*." *Phillips v. Prairie Eye Ctr.*, 530 F.3d 22, 28 (1st Cir. 2008) (citations omitted). Foreseeability "requires that the contacts also must be of a nature that the defendant could reasonably anticipate being haled into court there." *Id.* (citation omitted).

Here, Plaintiffs contend that this Court has personal jurisdiction over Defendant because a temporary staffing agency called Joint Alliance Staffing Service, Inc. ("Joint Alliance") recruited workers in Puerto Rico on Defendant's behalf. Docket No. 36 at 6-15. Thus, under Plaintiff's theory, personal jurisdiction is premised on the existence of an agency relationship between Joint Alliance and Defendant.[3] Yet Plaintiffs have failed to put forth any competent evidence to support their allegation that Joint Alliance was Defendant's agent.[4] The only evidence submitted by Plaintiffs consists of unsworn declarations describing how three plaintiffs were recruited by Joint Alliance to work at Defendant's South Carolina facility. Docket Nos. 36-3; 38-1; 38-2. Nothing

---

[3] Establishing an agency relationship is crucial to Plaintiffs' jurisdictional argument since Defendant "has no offices, factories, plants, or warehouses in Puerto Rico. It transacts no business in the Commonwealth, has no employees or property there, has never been required to pay taxes in the jurisdiction, and has no registered agent for service of process in the territory." Docket No. 35 at 10; *see* Docket Nos. 35-1 at 4-6; 35-2 at 4.

[4] Instead, Plaintiffs posit that because they "have made substantial allegations that Joint Alliance's recruitment activities were conducted in its capacity as [Defendant's] agent, this is a factual issue that at this point must be resolved in their favor." Docket No. 36 at 13. This contention is contrary to clear First Circuit case law stating that, after a challenge to personal jurisdiction, a plaintiff must produce competent evidence supporting the assertion of jurisdiction over a defendant. *See Carreras*, 660 F.3d at 552.

contained in these declarations supports a finding of agency such that Joint Alliance's actions in Puerto Rico could be attributed to Defendant.

On the other hand, Defendant has provided the agreement between Joint Alliance and Defendant,[5] which explicitly states that "nothing contained in this Agreement shall be construed to create the relationship of principal and agent." Docket No. 35-2 at 11; *see also Maldonado v. Damas Found.*, 2015 WL 13264442, at *4 (D.P.R. Mar. 24, 2015) (noting that, under Puerto Rico law, "[t]he construction to be given to an agency must always be restrictive . . . [and] in measuring the extent of an agent's authority[,] emphasis is more often placed upon the terms of the contract.") (quotation marks and citations omitted). Defendant also submitted evidence that (i) it does not own stocks in Joint Alliance and that these two entities do not share directors, officers, or employees; (ii) it did not direct or influence Joint Alliance to recruit workers in any specific location;[6] (iii) it was not responsible for disciplining the workers recruited by Joint Alliance; (iv) it did not dictate the wages, pay rate, or method of payment of the workers recruited by Joint Alliance; (v) it was not responsible for tracking the hours worked or evaluating the performance of the workers recruited by Joint Alliance; (vi) it did not handle shift assignments or leave requests for the workers recruited by Joint Alliance; and (vii) it did not train the workers recruited by Joint Alliance. Docket No. 35-2. Moreover,

> None of the 68 Plaintiffs were employees of Country Fresh; Country Fresh did not recruit any of the Plaintiffs; Country Fresh did not offer any terms or conditions of employment to any of the Plaintiffs;

---

[5] "[A] district court may go beyond the four corners of the pleadings and consider materials presented in support of a motion to dismiss for lack of *in personam* jurisdiction." *Goldman, Antonetti, Ferraiuoli, Axtmayer & Hertell v. Medfit Int'l, Inc.*, 982 F.2d 686, 690 (1st Cir. 1993) (citation omitted).

[6] Even if Defendant had been aware of Joint Alliance's recruitment efforts in Puerto Rico, "the defendant's awareness of the location of the plaintiff is not, on its own, enough to create personal jurisdiction over a defendant." *Phillips*, 530 F.3d at 28.

> Country Fresh made no transportation or lodging arrangements for the Plaintiffs; Country Fresh never paid the plaintiffs or deducted from their wages; and Country Fresh never hired or fired any of the Plaintiffs.

Docket No. 35 at 11; *see* Docket No. 35-2 at 5-6. Plaintiffs have presented no evidence calling into questions these representations by Defendant. As such, the Court cannot credit Plaintiffs' conclusory statement, not properly supported by adequate evidence, that Joint Alliance was acting as Defendant's agent, such that Joint Alliance's actions could be attributed to Defendant to establish purposeful availment. Accordingly, the Court holds that Plaintiffs have not carried their burden of establishing personal jurisdiction over Defendant.

## CONCLUSION

For the aforementioned reasons, Defendant's Motion to Dismiss is hereby **GRANTED** for lack of personal jurisdiction and this case is hereby **DISMISSED WITHOUT PREJUDICE**. Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of September, 2019.

s/ Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
